**IN THE COURT OF APPEALS OF IOWA**

No. 14-1813
Filed February 25, 2015

**IN THE INTEREST OF M.S.,**
**Minor Child,**

**E.S., Mother,**
**Appellant.**
_____

Appeal from the Iowa District Court for Union County, Monty Franklin,

District Associate Judge.

A mother challenges the juvenile court's termination of her parental rights

to her child. **AFFIRMED.**

Karen K. Emerson Peters, Atlantic, for appellant mother.

Thomas J. Miller, Attorney General, Janet L. Hoffman, Assistant Attorney

General, and Timothy R. Kenyon, County Attorney, for appellee State.

Tamara Knight, West Des Moines, attorney and guardian ad litem for

minor child.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**POTTERFIELD, J.**

A mother challenges the juvenile court's termination of her parental rights to her child.[1]

**I. Background**

The child was removed from the mother's custody in January 2013 due to the mother's substance abuse and mental health issues. The mother also had taken in a paramour who had a history of criminal activity, substance abuse, and violence. Even after the child was removed from the mother's custody, she allowed the paramour to continue to reside with her. She failed to complete treatment services offered to her. The last time she visited her child in person was in July 2013.

The mother was arrested on drug charges in August 2013 and incarcerated until December 2013. In January 2014, she completed a substance abuse program but continued to use drugs. She was arrested again in February and entered a residential treatment program in May.

The State petitioned to terminate the mother's rights in the child on June 10, 2014. The juvenile court terminated her rights on October 23, 2014, citing four different statutory bases supporting its ruling.[2] The mother now appeals, challenging each of the four bases. We may affirm the termination order if we find any one of the four grounds relied upon is supported by clear and convincing evidence. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

---

[1] The State did not petition to terminate the parental rights of the father, who did not participate in the termination proceedings. The court found the father's health conditions prevented him from being considered a placement option.

[2] The juvenile court relied on Iowa Code sections 232.116(1)(b), (e), (f), and (*l*) (2013).

**II. Standard of Review**

We review the juvenile court's termination order de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

**III. Discussion**

The mother challenges the juvenile court's statutory grounds for terminating her rights. "We will uphold an order terminating parental rights if there is clear and convincing evidence of grounds for termination." *D.W.*, 791 N.W.2d at 706. "Evidence is 'clear and convincing' when there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.*

One of the statutory grounds relied upon by the juvenile court was Iowa Code section 232.116(1)(e).[3] The mother claims the juvenile court cannot rely on this provision to support termination of her parental rights because she "made reasonable efforts to resume care of the child by participating in services when she was available to do so." The record belies this claim.

When she first began utilizing services in 2013, the mother failed to complete her substance abuse program due to constant absences. She

---

[3] Iowa Code section 232.116(1)(e) provides:
. . . [T]he court may order the termination of both the parental rights with respect to a child and the relationship between the parents and the child [if] . . . [t]he court finds that all of the following have occurred:
(1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
(2) The child has been removed from the physical custody of the child's parents for a period of at least six consecutive months.
(3) There is clear and convincing evidence that the parents have not maintained significant and meaningful contact with the child during the previous six consecutive months and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so.

restarted the program but failed to complete it again because she was arrested on felony drug charges. Though she completed an inpatient treatment program in January 2014, it later came to light that she had continued to use marijuana while in the program. On May 16, 2014, she entered a residential treatment program at House of Mercy. As the juvenile court specially noted, the mother indicated she only entered the program because she was required to do so as a condition of her probation—not because she desired to work toward resuming care of her child.

The mother's participation in services has been inconsistent, begrudging, and not motivated by her relationship with her child. The juvenile court rightly found there is clear and convincing evidence the mother has made no reasonable efforts to resume care of the child despite being given the opportunity to do so. It is uncontested that the remaining requirements of section 232.116(1)(e) are satisfied. We therefore affirm the juvenile court's reliance on section 232.116(1)(e) in its termination order.

In addition to our review of the statutory grounds for termination, on our de novo review, we must next consider whether termination was in the best interests of the child as defined in Iowa Code section 232.116(2). *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We then determine whether the factors in section 232.116(3) mitigate the need to terminate. *Id.*

We affirm the juvenile court's findings that termination is in the best interest of the child. In making that determination, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing

and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2).

The record shows the child, who is twelve years old, is doing well in his current placement. It would be against his long-term growth and benefit to have him uprooted from that placement and join his mother in a residential treatment program. As the juvenile court noted, the child "has lost all trust in [the mother] as a mother and as an adult that can appropriately provide for his safety and welfare. He states that he doesn't want to live with [the mother] and, in fact, wants no contact with her at all." The mental and emotional condition and needs of the child will be best served by terminating the mother's parental rights and allowing the child to move forward in his current placement.

Lastly, we affirm the district court's finding that none of factors weighing against termination found in Iowa Code section 232.116(3) are controlling on the facts of this case. Though it is true the child is currently in the care of a relative, the child's expressed desire to be separated from his mother demonstrates there is no closeness in the parent-child relationship that would be harmed by termination. *See id.* § 232.116(3)(a), (3)(c). Because the requirements of Iowa Code section 232.116(1)(e) are satisfied, termination is in the best interests of the child, and none of the mitigating factors overcome our best-interests determination, we affirm.

**AFFIRMED.**